1

2                          **UNITED STATES DISTRICT COURT**

3                                **DISTRICT OF NEVADA**

4

5    BANK OF NEW YORK MELLON,              )
                                           )
6                          Plaintiff,      )        Case No.  2:15-cv-01711-JCM-CWH
                                           )
7    vs.                                   )        **<u>ORDER</u>**
                                           )
8    SOUTHERN HIGHLANDS COMMUNITY          )
     ASSOCIATION, et al.,                  )
9                                          )
                           Defendants.     )
10   _____ )

11          Presently before the Court is Defendant SFR Investment Pool 1, LLC's ("SFR") Motion to

12   Serve Christopher R. England by Publication (ECF No. 46), filed on February 10, 2016.  Also

13   before the Court is SFR's Motion to Serve Kristen M. England by Publication (ECF No. 47), filed

14   on February 10, 2016.

15          SFR moves to permission to serve Christopher R. England and Kristen M. England (the

16   "Englands") by publication, arguing that it has not been possible to serve either of the Englands at

17   their last known addresses and that no forwarding addresses have been found for either of the

18   Englands.  Attached to each of the motions are affidavits of due diligence describing the efforts

19   made to locate the Englands.  (*See* Mot. to Serve Christopher R. England by Publication (ECF No.

20   46) ["Mot. to Serve Mr. England"] at Ex. A; Mot. to Serve Kristen M. England by Publication

21   (ECF No. 47) ["Mot. to Serve Ms. England"] at Ex. A.)  The affidavit regarding Mr. England states

22   that Nevada Department of Motor Vehicle records show that Mr. England has a valid, unexpired

23   Nevada driver's license with 2050 Longley Lane, Apartment 2303, Reno, Nevada, 89052 as the

24   address on the license.  (Mot. to Serve Mr. England, Ex. A at 1.)  The affidavit further states there

25   is a current vehicle registration in Mr. England's name that lists the same address.  (*Id.* at 2.)

26   Nevada DMV records indicate that Ms. England is a current co-registrant of the vehicle, with an

27   address of 11122 Cantoria Court, Las Vegas, Nevada 89141, though Ms. England surrendered her

28   Nevada driver's license to the State of Montana.  (*Id.*; Mot. to Serve Ms. England, Ex. A.)  The

affidavits describe various other searches that were conducted to locate current addresses for the Englands.

Federal Rule of Civil Procedure 4(e)(1) provides that service of process that conforms with state law "in the state where the district court is located or where service is made" is proper in federal court.  Nevada Rule of Civil Procedure 4(d)(6) provides that an individual must be served "personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment of law to receive service of process."  Under Nevada law, an individual may be served by publication "when the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or by concealment seeks to avoid the service of the summons . . . ."  Nev. R. Civ. P. 4(e)(1).

Here, although SFR's affidavits of due diligence describe various steps taken to locate the Englands, the affidavits do not state that the process server made any attempts to personally serve the Englands.  Given that Nevada DMV records indicate Mr. England has a current and valid driver's license listing a Reno address and that the Englands are co-registrants of a vehicle with a current registration listing both Reno and Las Vegas addresses, the Court will deny the motions without prejudice for SFR to attempt to personally serve the Englands at the Reno and Las Vegas addresses on file with the Nevada DMV.

IT IS THEREFORE ORDERED that Defendant SFR Investment Pool 1, LLC's  Motion to Serve Christopher R. England by Publication (ECF No. 46) is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant SFR Investment Pool 1, LLC's Motion to Serve Kristen M. England by Publication (ECF No. 47) is DENIED without prejudice.


DATED: March 1, 2016


_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

2