UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>Plaintiff(s),<br><br>v.<br><br>SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION, et al.,<br><br>Defendant(s). | Case No. 2:15-CV-1711 JCM (CWH)<br><br>ORDER |

Presently before the court is plaintiff Bank of New York Mellon's ("plaintiff") motion for partial summary judgment. (ECF No. 100). Defendants Southern Highlands Community Association (the "HOA") and SFR Investments Pool 1, LLC ("SFR") filed separate responses (ECF Nos. 105, 109), to which plaintiff replied (ECF No. 114).

Also before the court is the HOA's motion for summary judgment. (ECF No. 101). Plaintiff filed a response (ECF No. 108), to which the HOA replied (ECF No. 112).

Lastly before the court is SFR's motion for summary judgment. (ECF No. 102). Plaintiff filed a response (ECF No. 108), to which SFR replied (ECF No. 113).

**I.  Facts**

This action arises from a dispute over real property located at 11122 Cantoria Court, Las Vegas, Nevada 89141 ("the property"). (ECF No. 1).

In January 2006, Christopher England and Kristen England ("borrowers") obtained a loan in the amount of $378,960.00 from Meridias Capital, Inc. ("Meridias") to finance their purchase of the property. (ECF No. 100-1). Meridias secured the loan with a deed of trust, which names Meridias as the lender, Southwest Title Company as the trustee, and Mortgage Electronic

Registration Systems, Inc. ("MERS") as the beneficiary as nominee for the lender and lender's successors and assigns. *Id.* Plaintiff obtained its interest in the deed of trust via an assignment recorded with the Clark County recorder's office on December 7, 2010. (ECF No. 100-2).

On January 14, 2011, the HOA, through its agent, Alessi & Koenig, LLC ("Alessi"), recorded a notice of delinquent assessment lien ("the lien") against the property for borrowers' failure to pay the HOA assessments in the amount of $1,427.22. (ECF No. 100-3). On April 20, 2011, the HOA recorded a notice of default and election to sell pursuant to the lien, stating that the amount due was $2,638.40 as of March 23, 2011. (ECF No. 100-4).

In an attempt to exercise its right of redemption, on November 17, 2011, plaintiff requested from the HOA, through Alessi, the superpriority amount of the lien. (ECF No. 100-6 at 6–7). The HOA did not provide a statement of account or ledger for the property in response to plaintiff's request. (ECF No. 100 at 4). Instead, on December 15, 2011, the HOA recorded a notice of trustee's sale, stating that the amount due was $4,527.00. (ECF No. 100-5).

Nevertheless, plaintiff calculated the superpriority amount of the lien by referencing a ledger received for another property in the same HOA. (ECF No. 100-6 at 9–11). After calculating the sum of nine months of common assessments for a home in the same HOA, plaintiff determined that the superpriority amount of the lien on the property was $495.00 and sent a check in that amount to Alessi on April 5, 2012.[1] *Id.* at 13–15.

Along with the check, plaintiff sent a letter to Alessi explaining that the check was for nine months of common assessments and that it was intended to "satisfy [plaintiff's] obligations to the HOA as a holder of the first deed of trust against the property." *Id.* Alessi refused the check and returned it to plaintiff. *Id.* at 17.

On September 5, 2012, the HOA sold the property in a nonjudicial foreclosure sale. (ECF No. 100-7). SFR purchased the property at the foreclosure sale for $6,200.00. *Id.* On September 19, 2012, the HOA recorded the deed of trustee's sale. *Id.*

---

[1] Referencing a ledger for a different property in the same HOA, plaintiff discovered that the property at issue is subject to monthly, common assessments of $45.00. (ECF No. 100-6 at 10). By multiplying that figure by 9 to calculate nine months of common assessments on the property (and finding no evidence of any nuisance or abatement charges on the property), plaintiff determined that the superpriority portion of the loan totaled $495.00. (ECF No. 100 at 4).

James C. Mahan
U.S. District Judge

On September 4, 2015, plaintiff initiated this action against the HOA and SFR, alleging four causes of action: (1) quiet title/declaratory judgment against SFR; (2) breach of NRS 116.1113 against the HOA; (3) wrongful foreclosure against the HOA; and (4) "injunctive relief" against SFR. (ECF No. 1).

On November 10, 2015, SFR filed an answer and counterclaims/third-party claims against plaintiff, MERS, and borrowers, alleging three causes of action: (1) quiet title/declaratory relief; (2) "preliminary and permanent injunction"; and (3) slander of title against plaintiff.[2] (ECF No. 17).

Thereafter, on February 2, 2016, the HOA filed a third-party complaint against Alessi, alleging six causes of action: (1) implied indemnity; (2) contribution; (3) apportionment; (4) equitable indemnity; (5) breach of contract; and (6) "declaratory relief." (ECF No. 43). The court now addresses plaintiff, SFR, and the HOA's motions for summary judgment.

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a

---

[2] On October 31, 2016, MERS disclaimed its interest in the property and was dismissed from this action. *See* (ECF No. 85).

James C. Mahan
U.S. District Judge

- 3 -

directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the

nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.     Discussion**

Plaintiff moves for summary judgment on its quiet title and "injunctive relief" claims against SFR, as well as its wrongful foreclosure and "breach of NRS 116.1113" claims against the HOA. *See* (ECF No. 100). SFR seeks summary judgment on its competing claims for quiet title and "preliminary and permanent injunction." (ECF No. 102). The HOA moves for summary judgment on plaintiff's wrongful foreclosure and "breach of NRS 116.1113" claims. (ECF No. 101).

As a preliminary matter, injunctive relief is a remedy, not a cause of action. *See Ajetunmobi v. Clarion Mortg. Capital, Inc.*, 595 Fed. Appx. 680, 684 (9th Cir. 2014) (citation omitted). Accordingly, plaintiff and SFR's purported causes of action for the same are dismissed. The court will now address the propriety of plaintiff's remaining claims.

   *a. Plaintiff's motion for summary judgment*

      *i. Quiet title*

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (citations and internal quotation marks omitted). Therefore, a party must show that its claim to the property is superior to all others in order to succeed on a quiet title action. *See Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Here, plaintiff argues that it is entitled to summary judgment because the HOA wrongfully rejected its tender of the superpriority portion of the lien. (ECF No. 100 at 5). In light of the

Nevada Supreme Court's ruling in *Bank of America*, the court agrees. *See Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018).

Under NRS 116.31166(1), the holder of a first deed of trust may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See* Nev. Rev. Stat. § 116.31166(1); *see also SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, BOA could have paid off the SHHOA lien to avert loss of its security . . ."). The superpriority portion of the lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the subpriority piece consists of "all other HOA fees or assessments." *SFR Investments*, 334 P.3d at 411; *Horizons at Seven Hills Homeowners Association v. Ikon Holdings, LLC*, 373 P.3d 66 (Nev. 2016).

In *Bank of America*, the Nevada Supreme Court held that a foreclosure sale did not extinguish a first deed of trust when Bank of America, the holder of the deed of trust, used the HOA's representations to calculate and tender the sum of nine months of delinquent assessments. *Bank of America*, 427 P.3d at 121. Although the superpriority portion of an HOA lien typically includes maintenance and nuisance abatement charges, the court held that "Bank of America tendered the correct amount to satisfy the superpriority portion of the lien . . . [because] the HOA did not indicate that the property had any charges for maintenance or nuisance abatement." *Id.* at 118.

The Nevada Supreme Court's holding in *Bank of America* controls the court's analysis in this case. As in *Bank of America*, the HOA has not indicated that the property had any charges for maintenance or nuisance abatement. *See Bank of America*, 427 P.3d at 118. Thus, when plaintiff sent a check for nine months of assessments to the HOA, it properly tendered the superpriority portion of the lien. Indeed, it makes no difference that plaintiff relied on a ledger from a different property subject to the same HOA common assessments to calculate the amount of the superpriority portion of the lien, as plaintiff tendered an amount that undisputedly represented nine months of assessments. *See id.* at 118. *See also Tyrone & In-Ching, LLC v. U.S. Bank, N.A.*, 430 P.3d 533 (Nev. 2018); *NV Eagles, LLC v. Christiana Trust*, 429 P.3d 1254 (Nev. 2018).

Therefore, the nonjudicial foreclosure sale did not extinguish the deed of trust. *See id*. at 121 ("It follows that after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale . . . cannot extinguish the first deed of trust").

### ii. Breach of NRS 116.1113 and wrongful foreclosure

In its prayer for relief, plaintiff requests "[a]n order declaring that SFR purchased the property subject to [plaintiff's] senior deed of trust." (ECF No. 1 at 13). The other relief requested is phrased in the alternative. *Id.* Therefore, because the court grants summary judgment for plaintiff on its quiet title claim, plaintiff has received the relief it requested. Therefore, the court will dismiss as moot plaintiff's second and third causes of action. *See Bank of Am., N.A. v. Falcon Point Ass'n*, 2018 U.S. Dist. LEXIS 167719, *21-22 (D. Nev. Sept. 28, 2018).

### iii. SFR's counterclaims

Plaintiff also moves for summary judgment on SFR's counterclaims. (ECF No. 100). As the court has already granted summary judgment for plaintiff on its quiet title claim, the court will also grant plaintiff's motion for summary judgment on SFR's counterclaim to quiet title. Additionally, the court will grant plaintiff's motion for summary judgment as to SFR's slander of title claim.

The elements of a claim for slander of title are: (1) that the words spoken were false; (2) malice; and (3) special damages. *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983). SFR alleges that plaintiff "maliciously and falsely slandered SFR's title to the [property] when [it] recorded documents" against the property following the HOA foreclosure sale. (ECF No. 17 at 19). As the court has already determined that plaintiff is entitled to quiet title in this case, SFR's claim for slander of title must fail.

Accordingly, the court grants summary judgment in favor of plaintiff on SFR's counterclaims.

### b. SFR's motion for summary judgment

As the court has already granted summary judgment for plaintiff on its quiet title claim and SFR's counterclaims, the court will deny SFR's motion for summary judgment in its entirety.

. . .

**James C. Mahan**
**U.S. District Judge**

*c. The HOA's motion for summary judgment*

The HOA has filed third-party claims against Alessi for: (1) implied indemnity; (2) contribution; (3) apportionment; (4) equitable indemnity; (5) breach of contract; and (6) "declaratory relief." (ECF No. 43). As the court has dismissed plaintiff's claims against the HOA, the court will dismiss the HOA's third-party claims against Alessi as moot. The court will also deny the HOA's motion insofar as it seeks summary judgment on plaintiff's quiet title claim.

**IV. Conclusion**

As a result of the foregoing, plaintiff has demonstrated that its deed of trust continues to encumber the property, and that SFR has taken title subject to its deed of trust. No other relief is granted, and all other claims, counterclaims, and third-party claims are dismissed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for summary judgment (ECF No. 100) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that the HOA's motion for summary judgment (ECF No. 101) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that SFR's motion for summary judgment (ECF No. 102) be, and the same hereby is, DENIED.

The clerk is instructed to enter judgment accordingly and close the case.

DATED January 7, 2019.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE